UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Gavin Solomon,<br><br>                                        Plaintiff,<br><br>         -against-<br><br><br>Texas Women's University, et al.,<br><br>                                        Defendants. | **ORDER**<br><br>25-CV-6374 (JPC) (KHP) |

**Katharine H. Parker, United States Magistrate Judge:**

I have been referred in this case for the purposes of general pretrial case management and to make a Report and Recommendation on any dispositive motions to the District Judge for review.  This Order addresses two issues:  (1) the schedule for filings responsive to the Complaint, including pre-motion letters in anticipation of motions to dismiss, and (2) *pro se* Plaintiff Gavin Solomon's continued formal motion filings.

1. **Schedule**

This Court previously granted all defendants until September 16, 2025, to respond to the Complaint. (ECF No. 38.)  Additionally, this Court scheduled an in-person conference to take place on Monday, October 27, 2025, at 2:00 p.m. (ECF No. 17.)

The Court hereby adjourns the deadline to respond to the Complaint *sine die*.  The Court will set a comprehensive schedule for motion filings (including each defendants' anticipated motions to dismiss, if any) at and after the October 27, 2025 conference.  Defendants intending to file motions to dismiss shall file their pre-motion letters as required by Judge Cronan's and

this Court's rules by **October 20, 2025**.  This portion of this order resolves the motion for a pre-motion conference filed as ECF No. 64.

Furthermore, the Court hereby converts the October 27, 2025 conference to take place telephonically.  At the appointed time, the parties shall dial into +1 646-453-4442, 410422740#.

2. **Solomon's continued motion filings**

Previously, the Court issued orders denying without prejudice multiple motions filed by the *pro se* Plaintiff Gavin Solomon for failure to follow this Court's rules about requesting pre-motion conferences. (ECF Nos. 48, 56.)

Since then, Solomon has purported to file two more motions, despite his continued failure to follow Court rules.  The first, filed as ECF No. 57, apparently requests to strike the Court's memorandum endorsement filed as ECF No. 53, and moves for further relief.  As the Court has previously done, to the extent that ECF No. 57 objects to this Court's order filed as ECF No. 53, that issue should be resolved by the District Judge.  However, the other motion-related relief contained in ECF No. 57 is denied without prejudice to refiling after a pre-motion conference has been held.  The second, filed as ECF No. 66, only requests relief that would be properly the subject of a formal motion.  Again, Solomon failed to follow this Court's rules for filing a letter requiring a pre-motion conference.  Accordingly, this motion is also denied without prejudice to refiling after a pre-motion conference is held.

Because these motions are denied without prejudice, the Court is not denying Solomon an opportunity to be heard.  In fact, the Court fully intends to give him that opportunity at the conference scheduled for October 27, 2025.  The Court previously gave Solomon until October 20, 2025, to file a pre-motion conference letter stating the basis for any motions he wishes to

file. Solomon is directed to refrain from filing formal motions on the docket (which would not include requests for extensions of time or requests to adjourn conferences or deadline) before the Court addresses the schedule for all such motions at the pre-motion conference to be held on October 27, 2025. Accordingly, the only filing he should make regarding formal motion relief should be his October 20, 2025 pre-motion letter.

Finally, the Court hereby warns Solomon that repeated failures to follow this Court's rules regarding pre-motion conferences and letters—as well as any other Court rules—may result in sanctions. To that extent, the Court again strongly urges Solomon to familiarize himself both with Judge Cronan's Individual Rules and Practices for *Pro Se* Litigants (https://www.nysd.uscourts.gov/sites/default/files/practice_documents/JPC Cronan Pro Se Rules 8.21.2025_Clean.pdf) and Individual Rules and Practices in Civil Cases (https://www.nysd.uscourts.gov/sites/default/files/practice_documents/JPC Cronan Individual Civil Rules 2025.03.14_Clean_For Filing.pdf), as well as this Court's Individual Practices in Civil Cases (https://www.nysd.uscourts.gov/sites/default/files/practice_documents/KHP Parker Individual Practices in Civil Cases - 2.2025_0.pdf). Solomon may also wish to familiarize himself with Judge Cronan's Rule 3.C for *Pro Se* Litigants regarding the use of Artificial Intelligence tools to draft legal filings. The potential sanctions which may result from continued failure to follow these rules could include monetary sanctions and, possibly, dismissal of Solomon's case in its entirety.

The Clerk is requested to mail a copy of this order to the Plaintiff and to terminate the motions at ECF Nos. 64 and 66.

SO ORDERED.

Dated: New York, New York
August 29, 2025

_____
KATHARINE H. PARKER
United States Magistrate Judge