**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
Gavin Solomon,

                             Plaintiff,

                  -against-

Texas Woman's University, et al.,

                         Defendants.
------------------------------------------------------------------X

**25-CV-6374 (JPC) (KHP)**

**REPORT AND RECOMMENDATION**
**ON MOTION TO REMAND**

**TO: THE HONORABLE JOHN P. CRONAN, UNITED STATES DISTRICT JUDGE**
**FROM: THE HONORABLE KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE:**

Before the Court for a Report and Recommendation is Plaintiff's motion to remand.  For the reasons discussed below, I recommend that the motion to remand be DENIED.

## BACKGROUND

On July 7, 2025, Solomon commenced this action in New York state court as a verified petition under New York's Civil Practice Law and Rules ("CPLR") "Article 78 and/or for declaratory judgment under CPLR § 3001."  He asserts that "via his companies, shipped over $3 million worth of medical equipment to institutions including Respondents." (ECF No. 32-1.)  He named seven purported Respondents, including: (1) Texas Woman's University ("TWU"); (2) Bank of America, N.A. ("BOA"); (3) PNC Bank, N.A. ("PNC"); (4) Citibank, N.A. ("Citibank"); (5) JPMorgan Chase Bank, N.A. ("Chase"); (6) the United States Department of the Treasury (the "Treasury"); and (7) Novitas Solutions ("Novitas").  He stated TWU "diverted said inventory under false pretenses and resold it unlawfully."  He also alleged "[f]inancial transactions facilitating this conduct were processed by Respondent banks."  Against the Treasury, he claimed it "failed to prevent illicit financial flows despite AML triggers."  Finally, he said Novitas

1

"withheld Medicare reimbursements tied to this diverted inventory." (ECF No. 32-1.)  Against

Novitas and the Treasury, he asserted a claim for CPLR Article 78 relief.  Against all

Respondents, he requested declaratory and injunctive relief. (ECF No. 32-1.)

On August 3, 2025, the Treasury and Novitas (together, the "Federal Defendants")

subsequently removed the action to this Court, asserting jurisdiction pursuant to 28 U.S.C.

§ 1442(a)(1). (ECF No. 32.)  Plaintiff then filed a motion to remand the case to state court. (ECF

No. 7.)

### DISCUSSION

28 U.S.C. § 1442(a) is commonly called the "federal officer removal" statute.  Under that

statute, a federal agency or officer sued in state court may remove the case to federal court. 28

U.S.C. § 1442(a)(1).  Section 1442(a) "is a pure jurisdictional statute, seeking to do nothing more

than grant district court jurisdiction over cases in which a federal officer is a defendant." *Mesa*

*v. California*, 489 U.S. 121, 136 (1989).  Such a case raises a federal question for purposes of

Article III jurisdiction. *Id.*  Section 1442(a) aids defendants only by permitting them "to

overcome the 'well-pleaded complaint' rule which would otherwise preclude removal even if a

federal defense were alleged." *Id.*  To survive a motion for remand, a party asserting a Section

1442(a) removal "must show that they performed the actions for which they are being sued

'under color of [federal] office.'" *Isaacson v. Dow Chemical Co.*, 517 F.3d 129, 135 (2d Cir. 2008).

The party seeking removal bears the burden of establishing that the federal court has

jurisdiction over its claims. *Montefiore Medical Center v. Teamsters Local 272*, 642 F.3d 321,

327 (2d Cir. 2011).  A federal court is not precluded from considering a claim over which a state

2

court has concurrent jurisdiction. *Jiakeshu Tech. Ltd. v. Amazon.com Servs., LLC*, No. 22-CV-10119 (RA), 2023 WL 4106275, at *2 (S.D.N.Y. June 21, 2023).

Here, the Federal Defendants' notice of removal states that removal to federal court is proper because Solomon names the Treasury and Novitas. The Treasury is obviously an agency of the United States. Further, according to Solomon's Petition and the notice of removal, Novitas is a contractor providing Medicare reimbursements. Thus, the Federal Defendants maintain Novitas can only be sued under 42 U.S.C. § 405(g), since the jurisdiction-stripping provision of 42 U.S.C. § 405(h) applies to the Medicare Act through 42 U.S.C. § 1395ii, "to the exclusion of 28 U.S.C. § 1331." *See Heckler v. Ringer*, 466 U.S. 602, 614-15 (1984). Indeed, Solomon's Petition made clear that he sought payment for allegedly withheld Medicare reimbursements. (ECF No. 32-1.)

Solomon's motion argues a remand order is required because New York state courts are more appropriate to hear Solomon's claims under CPLR Article 4. Article 4 addresses a variety of subjects in special proceedings in state court. *See generally* CPLR 401 *et seq.* Whether a special proceeding is available for a claim is generally specified by a New York statute, and Solomon does not specify any statute under which his claims fall (apart from the mentioned provisions of the CPLR). Regardless, Article 4 does not provide a basis for remand because the gravamen of the claims here relates to the federal defendants and the alleged failure to pay Medicare reimbursements.

Moreover, Solomon's styling of this action as a special proceeding under Article 78 is not decisive, considering it clearly presents federal questions. *See Casale v. Metro. Trans. Auth.*, No. 05-cv-4232 (MBM), 2005 WL 3466405, at *5-7 (S.D.N.Y. Dec. 19, 2005) (noting that removal to

3

federal court of Article 78 proceedings is not inherently defective; the question is whether a federal question is present).  Here, Solomon has sued federal agencies and their contractors for failures to abide by federal laws.  Indeed, purporting to represent his company, Truway Health, Inc., Solomon previously brought a related claim solely against TWU in this district. *See Truway Health, Inc. v. Texas Woman's Univ.*, No. 24-cv-8218 (PAE), Dkt. 1.  This case was dismissed because a corporate entity could not bring a claim *pro se*, though Judge Engelmayer allowed Truway to refile its claim if it obtained counsel. *Id.*, Dkt. 30, at 2.

Plaintiff next claims removal under Section 1442(a) was independently improper.  He argues that "removal was improper because the claims in this special proceeding do not arise from actions taken by the U.S. Department of the Treasury under federal authority that justify federal jurisdiction." (ECF No. 8, at 3 (citing *Isaacson*, 517 F.3d at 135)).  However, this argument is contradicted by the substance of the petition he filed in state court, which asserts that the Treasury's official conduct "failed to prevent illicit financial flows despite AML triggers."[1]  Likewise, the factual allegations against Novitas involve their work as a federal contractor in providing Medicare reimbursements. *See Isaacson*, 517 F.3d at 135-37 (noting corporate persons may act under color of a federal officer where it has a "special relationship" to "assist" or "help carry out" the federal officer's tasks or duties) (*See also* ECF No. 32-1.) Because Solomon sues the Treasury and Novitas for their official conduct as a federal agency and officer, the removal was proper.[2]  The Court should deny the motion to remand.

---

[1] The Court takes "AML" to be the common abbreviation for "anti-money laundering."

[2] As neither diversity jurisdiction, *see* 28 U.S.C. § 1332, nor statutory federal question jurisdiction under 28 U.S.C. § 1331, are implicated here, the Court does not address Solomon's arguments regarding those grounds for removability.

5

**CONCLUSION**

For the reasons discussed above, I respectfully recommend that Solomon's motion to remand be denied.  **The Clerk of Court is respectfully directed to mail a copy of the Report and Recommendation to Plaintiff Gavin Solomon.**

Further, the Clerk of Court is respectfully directed to terminate the stay of this action.

All Defendants shall have until **December 19, 2025**, to respond to the Complaint in this action.

Dated: December 1, 2025                    Respectfully submitted,
      New York, NY

_____
Katharine H. Parker
United States Magistrate Judge

**NOTICE**

**Plaintiff shall have seventeen days and Defendants shall have fourteen days from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days only when service is made under Fed. R. Civ. P. 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to by the parties)).**

**Plaintiff shall have seventeen days to serve and file any response. Defendant shall have fourteen days to serve and file any response. Objections and responses to objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable John P. Cronan at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b).  Any requests for an extension of time for filing objections must be addressed to Judge Broderick. The failure to file timely objections will result in a waiver of those objections for purposes of appeal.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn*, 474 U.S. 140 (1985).**

5