UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                               :

GAVIN SOLOMON,                         :

                  Plaintiff,          :

                               :

         -v-                :          25 Civ. 6374 (JPC) (KHP)

                               :

TEXAS WOMAN'S UNIVERSITY, *et al.*,   :       OPINION AND ORDER
                               :     ADOPTING REPORT AND
             Defendants.      :     RECOMMENDATION

                               :

------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On July 7, 2025, *pro se* Plaintiff Gavin Solomon commenced this action in New York Supreme Court, New York County, against Bank of America, N.A., PNC Bank, N.A., Citibank, N.A., JPMorgan Chase Bank, N.A. (collectively, the "Banks"), the United States Department of the Treasury (the "Treasury"), Novitas Solutions ("Novitas"), and Texas Woman's University ("TWU"). Solomon alleges that he "shipped over $3 million worth of medical equipment to institutions," but TWU "diverted said inventory under false pretenses and resold it unlawfully." Dkt. 1-1 ("Compl.") at 2. According to Solomon, the "[f]inancial transactions facilitating this conduct were processed by [the Banks]." *Id.* The Treasury "failed to prevent [the Banks'] illicit financial flows despite AML triggers" and Novitas then "withheld Medicare reimbursements tied to this diverted inventory." *Id.* Solomon seeks, among other remedies, a "declaration . . . that [Defendants'] conduct violated state and federal regulatory frameworks and caused financial harm." *Id.*

On August 3, 2025, the Treasury and Novitas[1] removed this action to federal court under the federal officer removal statute. Dkt. 1; *see* 28 U.S.C. § 1442(a)(1). The next day, Solomon filed a motion to remand the case to state court. Dkt. 7. After the Treasury and Novitas filed an amended notice of removal, Dkt. 32, the Honorable Katharine H. Parker, to whom this case has been referred for general supervision of pretrial proceedings and to issue recommendations on any dispositive motions, issued a Report and Recommendation, recommending that the undersigned deny Solomon's motion to remand. Dkt. 92 ("R&R"). For reasons that follow, the Court adopts Judge Parker's recommendation.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a report and recommendation. 28 U.S.C. § 636(b)(1)(C). If a party submits a timely objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section. Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). If no timely objections are made, a district court reviews the report and recommendation for clear error. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

The Report and Recommendation advised that from service of the Report and Recommendation, Solomon had seventeen days and Defendants had fourteen days to file any objections. R&R at 5. The Report and Recommendation further warned that failure to timely file such objections would result in waiver of objections for purposes of appeal. *Id.* The Report and Recommendation was electronically filed on December 1, 2025, and was mailed to Solomon the following day. It is now January 23, 2026, and no objections have been filed by either party. The

---

[1] According to the Notice of Removal, Novitas is a contractor that administers Medicare benefits and Solomon's claims against Novitas can proceed only under 42 U.S.C. § 405(g). Dkt. 1 ¶ 6; *accord* Dkt. 32 ¶ 6.

parties therefore have waived the right to object to the Report and Recommendation. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992).

Notwithstanding that waiver, the Court has conducted a *de novo* review of the Report and Recommendation, and finds its conclusions well founded. In relevant part, the federal officer removal statute provides that any action may be removed to state court by "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). Under Section 1442(a)(1), removal therefore must be effectuated by the United States, its agencies, or its officers, and also must "be predicated on the allegation of a colorable federal defense." *Mesa v. California*, 489 U.S. 121, 129 (1989). Unlike removal under Section 1441(a), *see* 28 U.S.C. § 1446(b)(2)(A), the consent of all defendants is not necessary for the case to be removed under Section 1442(a). *See Bradford v. Harding*, 284 F.2d 307, 310 (2d Cir. 1960) ("The 'general government' must be able to assure each of its officers that a federal forum will be available if he wishes it, whether others sued with him wish it or no.").

In light of this standard, the Court agrees with Judge Parker's recommendation to deny Solomon's motion to remand. The Treasury is a federal agency and clearly will assert federal defenses in this action. In fact, the Treasury has already argued in a letter in anticipation of a motion to dismiss that Solomon's claims fail against it on sovereign immunity grounds. Dkt. 64 at 3; *see also Arizona v. Manypenny*, 451 U.S. 232, 242 (1981) (referring to sovereign immunity as a "federal defense" under the federal officer removal statute). At a broader level, it is also hard to imagine how the Treasury will defend against Solomon's request for a "declaration . . . that

3

[Defendants'] conduct violated . . . federal regulatory frameworks" without raising federal defenses in this action.[2]

The Court therefore adopts Judge Parker's Report and Recommendation and denies Solomon's motion to remand. The Clerk of Court is respectfully directed to terminate Docket Number 7.

SO ORDERED.

Dated: January 23, 2026
New York, New York

_____
JOHN P. CRONAN
United States District Judge

---

[2] In light of this conclusion, the Court need not reach whether removal by Novitas also was appropriate under Section 1442(a)(1).