**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
Gavin Solomon,

                                        Plaintiff,                              **25-CV-6374 (JPC) (KHP)**

                    -against-                                          **ORDER ON MOTION FOR**
                                                                              **ALTERNATIVE SERVICE**

Texas Woman's University, et al.,

                                        Defendants.
-----------------------------------------------------------------X
**HON. KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE:**

Before the Court is Defendant Citibank, N.A.'s ("Citibank") motion to serve its Third

Party Complaint on Plaintiff/Counterclaim Defendant Solomon Third-Party Defendant

Truway Health, Inc. ("Truway"), by email.  For the reasons discussed below, the motion is

GRANTED.

## BACKGROUND

On July 7, 2025, Solomon commenced this action in New York state court as a verified

petition under New York's Civil Practice Law and Rules ("CPLR") "Article 78 and/or for

declaratory judgment under CPLR [] 3001."  He asserts that "via his companies, shipped over $3

million worth of medical equipment to institutions including Respondents." (ECF No. 32-1.)  He

named seven purported Respondents, including movant Citibank.  Relevantly for the purposes

of this motion, he requested declaratory and injunctive relief against Citibank, among others,

seeking to prevent it from "unlawful[ly] withholding" reimbursements and commission of

misrepresentation or "diversion of federally regulated goods." (ECF No. 32-1.)

On August 26, 2025, Citibank answered the Complaint in this action, asserting

counterclaims for false UCC filings and violations of the New York UCC against Solomon and

1

third-party claims against Truway under the same causes of action. (ECF No. 61 ¶¶ 20-34.)  The Court issued a summons as to Truway on August 27, 2025. (ECF No. 63.)  Since that time, Citibank has attempted service on Truway at the address given by the Florida Secretary of State (*see* ECF No. 105-1) and at Solomon's apartment in New York but has been unsuccessful. (*See* ECF Nos. 105-2 to -3.)  The process servers said Solomon refused service, and that a representative at the address for Truway indicated Truway was no longer a tenant. (*Id.*)  The same address as the one given for Truway's principal business and mailing addresses was also given as a "Registered Agent" to accept service on behalf of Truway. (ECF No. 105-1.)

Citibank thereafter filed this motion.  Solomon, who is a New York resident and has appeared in this action, did not file any opposition.  Citibank seeks to serve its Answer with Counterclaims and Third-Party Complaint (the "Pleading") on Solomon and Truway by emailing Solomon's email provided on the docket (*i.e.*, gavin@truwayhealth.com), which is also apparently his corporate email address.

## DISCUSSION

The instant motion was brought pursuant to Federal Rule of Civil Procedure 4(e) ("Rule 4") and N.Y. C.P.L.R. 308.  Federal Rule of Civil Procedure ("Rule") 4(e) governs service for individuals within the United States.  Rule 4(e)(1) allows for service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).

Ordinarily in New York, service must be attempted through one of the methods enumerated in 308(1) and (2), which contemplate personal delivery to the defendant or delivery at the defendant's "dwelling place" or "actual place of business." N.Y. C.P.L.R. 308(1)-

2

(2).   Where those initial methods cannot be accomplished despite diligent efforts, 308(4) allows for so-called "nail and mail" service, requiring the summons to be affixed to the door of the defendant's residence or place of business and followed by mailing to the defendant's last known residence or business address.  N.Y. C.P.L.R. 308(4).

New York law authorizes courts to permit nontraditional methods of service – such as electronic service – when conventional means are "impracticable." N.Y. C.P.L.R. 308(5).   While the term "impracticable" is not rigidly defined, courts generally require a factual showing that the plaintiff made genuine efforts to complete service using the CPLR's standard methods and that those efforts were unsuccessful or infeasible. *See Avail 1 LLC v. Kalsi,* No. 23 Civ. 1641, 2023 WL 7297214, at *2 (S.D.N.Y. Nov. 6, 2023).  "[P]laintiff must, for each of the three traditional methods of service, set forth factual allegations to establish, for example, what steps plaintiff had taken to effect service pursuant to the prescribed methods, when such steps were undertaken, and/or why such steps were not practicable under the particular facts and circumstances." *Id*. (internal quotation marks omitted).

"Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." *Fed. Trade Comm'n v. Pecon Software*, No. 12 Civ. 7186 (PAE), 2013 WL 4016272, at *5 (S.D.N.Y. Aug. 7, 2013) (collecting cases).

Here, Citibank has shown impracticability.  Despite numerous attempts on both Solomon and Truway, Citibank has not been able to serve its Pleading.  Further, there is evidence in the record that Solomon has been evading service of this pleading by instructing his doorman not to accept service, despite having initiated this action as the plaintiff.  Additionally, the method of service is reasonably calculated both to reach Solomon individually and to reach

3

Truway, given Solomon has already pleaded that he is the CEO of Truway and given his Truway email address on the docket.  Accordingly, Citibank has shown both impracticability and that the email address given is reasonably calculated to reach Solomon and Truway.  Therefore, the motion is **granted**.

**CONCLUSION**

For the reasons discussed above, the motion for alternative service is granted.  **The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff Gavin Solomon and to terminate the motion at ECF No. 103.**

Dated: February 10, 2026    **SO ORDERED.**
      New York, NY

_Katharine H. Parker_
Katharine H. Parker
United States Magistrate Judge