**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
Gavin Solomon,

                                 Plaintiff,                                    **25-CV-6374 (JPC) (KHP)**

                    -against-                                          **REPORT AND RECOMMENDATION**
                                                                      **ON MOTIONS TO STRIKE, TO**
Texas Woman's University, et al.,                                     **DISMISS, AND FOR JUDGMENT**
                                                                      **ON THE PLEADINGS**

                                 Defendants.
-----------------------------------------------------------------X
**TO: THE HONORABLE JOHN P. CRONAN, UNITED STATES DISTRICT JUDGE**
**FROM: THE HONORABLE KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE:**

Plaintiff Gavin Solomon commenced this action alleging harms from the Defendants' failures to reimburse his companies for shipping "over $3 million worth of medical equipment to institutions including Respondents."  The Honorable Paul A. Engelmayer previously dismissed a substantially similar claim against one of the defendants in this action—Texas Woman's University ("TWU")—because Solomon attempted to proceed pro se on behalf of his companies, without prejudice to refiling "a new, counseled action." *Truway Health, Inc. v. Texas Woman's Univ.*, No. 24-cv-8218 (PAE), Dkt. 30.  This latest attempt is anything but that.  Rather, Solomon has attempted again to proceed *pro se* by merely swapping his own name for former plaintiff Truway Health, Inc. ("Truway"), adding multiple defendants, making his allegations more ambiguous, and purportedly asserting them under New York law.

Before the Court for a Report and Recommendation are multiple defendants' motions: (1) to dismiss the Complaint; (2) for judgment on the pleadings; and (3) to strike a purported "Third-Party Complaint" filed by Solomon.  For the reasons discussed below, I recommend that the motions be **GRANTED**.

1

**BACKGROUND**

On July 7, 2025, Solomon commenced this action *pro se* in New York state court as a verified petition under New York's Civil Practice Law and Rules ("CPLR") "Article 78 and/or for declaratory judgment under CPLR § 3001." He asserts that "via his companies, shipped over $3 million worth of medical equipment to institutions including Respondents." (ECF No. 32-1.) He named seven purported Respondents, including: (1) TWU; (2) Bank of America, N.A. ("BOA"); (3) PNC Bank, N.A. ("PNC"); (4) Citibank, N.A. ("Citibank"); (5) JPMorgan Chase Bank, N.A. ("JPMC"); (6) the United States Department of the Treasury (the "Treasury"); and (7) Novitas Solutions ("Novitas"). He stated TWU "diverted said inventory under false pretenses and resold it unlawfully." He also alleged "[f]inancial transactions facilitating this conduct were processed by Respondent banks." Against the Treasury, he claimed it "failed to prevent illicit financial flows despite AML triggers." Finally, he said Novitas "withheld Medicare reimbursements tied to this diverted inventory." (ECF No. 32-1.) Against Novitas and the Treasury, he asserted a claim for CPLR Article 78 relief. Against all Respondents, he requested declaratory and injunctive relief. (ECF No. 32-1.)

On August 3, 2025, the Treasury and Novitas (together, the "Federal Defendants") removed the action to this Court, asserting jurisdiction pursuant to 28 U.S.C. § 1442(a)(1). (ECF No. 32.) Plaintiff then filed a motion to remand the case to state court. (ECF No. 7.) This Court recommended the motion be denied, *Solomon v. Texas Woman's Univ.*, No. 25-cv-6754 (JPC) (KHP), 2025 WL 4377750 (S.D.N.Y. Dec. 1, 2025), which the Honorable John P. Cronan adopted

in full on January 23, 2026. *Solomon v. Texas Woman's Univ.*, No. 25-cv-6374 (JPC) (KHP), 2026 WL 189490 (S.D.N.Y. Jan. 23, 2026).

On August 27, 2025, Solomon filed a "Third-Party Complaint" against Defendant Citibank (which, as the Court has noted, was named in the original Petition/Complaint in this action). (ECF No. 65.)  He asserted he was the "beneficial owner of private business entities" and "operate[d] a sovereign wealth fund structure for lawful commercial and investment purposes." (*Id.* ¶ 1.)  He pleaded that he held accounts at and did contractual dealings with Citibank. (*Id.* ¶ 2.)  He asserted "Citibank failed to honor its obligations, wrongfully restrained funds, obstructed transactions, and otherwise defaulted on duties of care, loyalty, and good faith under federal banking laws and the Uniform Commercial Code." (*Id.* ¶ 3.)  He alleged Citibank defamed him and asserted causes of action for "Default and Breach of Duty," "Failure of Accountability (Fiduciary Duty and Good Faith)," and defamation under New York Law.

The parties in this litigation filed their respective motions between December 30, 2025, and January 30, 2026.  The motions are, in the order they were filed: (1) Defendant Citibank's motion to strike and/or dismiss the Third-Party Complaint (ECF No. 100); (2) Citibank's motion for judgment on the pleadings (ECF No. 106); (3) JPMC's amended motion to dismiss the Complaint[1] (ECF No. 108); (4) PNC Bank's motion to dismiss the Complaint (ECF No. 110); (5) Novitas's and the Treasury's motion to dismiss the Complaint (ECF No. 112); (6) TWU's motion for judgment on the pleadings (ECF No. 114); (7) BOA's motion to dismiss (ECF No. 116).  While at the outset of this case Solomon filed a rapid succession of documents and motions which

---

[1] The original motion was filed at ECF No. 102, and that motion has not yet been terminated.

were addressed by the Court, he has not responded to the instant motions to dismiss at all. (ECF Nos. 130-33.)

<strong>LEGAL STANDARDS</strong>

### 1. Federal Rule of Civil Procedure 8(a)(2)

Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up); *see also Pilkington N. Am., Inc. v. Mitsui Sumitomo Ins. Co. of Am.*, 460 F. Supp. 3d 481, 491 (S.D.N.Y. 2020). As the Second Circuit has explained, the statement should be *short* because "unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The statement should be *plain* "because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Id*. A party's pro se status does not excuse her from compliance with Rule 8. *See, e.g., Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (affirming dismissal of pro se complaint for failure to comply with Rule 8).

"When a complaint does not comply with the requirement that it be short and plain, the court has the power . . . to dismiss the complaint." *Salahuddin*, 861 F.2d at 42. A plaintiff should generally be given leave to amend following a Rule 8 dismissal, but dismissal without leave to amend is proper where prior leave to amend was generously extended and the successive pleading remains prolix and unintelligible. *Strunk v. U.S. House of Representatives*,

68 F. App'x 233, 235 (2d Cir. 2003) (citation omitted); *see also Jones v. Nat'l Commc'ns & Surveillance Networks*, 266 F. App'x 31, 33 (2d Cir. 2008) (affirming dismissal of pro se complaint with prejudice for failure to comply with Rule 8); *Benzo v. N.Y.S. Div. of Hum. Rts.*, 141 F.3d 1151 (2d Cir. 1998) (same); *Zaerpour v. Bank of Am. Corp.*, No. 23-cv-0040, 2023 WL 1821002, at *2 (S.D.N.Y. Feb. 8, 2023) (dismissing complaint because allegations were too threadbare to satisfy Rule 8).

   2. **Federal Rule of Civil Procedure 12(b)(6)**

When deciding a motion to dismiss pursuant to Rule 12(b)(6), a court must accept as true all well-pleaded facts and draw all reasonable inferences in the light most favorable to the non-moving party. *See Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). Although factual allegations are afforded a presumption of truth, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 522, 527-28 (S.D.N.Y. 2013) (cleaned up). To survive a Rule 12(b)(6) motion to dismiss, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 555 U.S. at 570). The complaint must set forth factual allegations that are sufficient "to raise a right to relief above the speculative level." *Twombly*, 555 U.S. at 555.

These same standards apply to motions to dismiss complaints filed by pro se plaintiffs. *Jenkins v. N.Y.C. Dep't of Educ.*, No. 11-cv-6159 (BSJ) (THK), 2011 WL 5451711, at *3 (S.D.N.Y.

Nov. 9, 2011).  However, the court must construe a pro se plaintiff's complaint liberally and interpret it as raising the strongest arguments it suggests.  *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (citation omitted).

A district court "may dismiss an action *sua sponte* for failure to state a claim so long as the plaintiff is given notice of the grounds for dismissal and an opportunity to be heard." *Grant v. County of Erie*, 542 F. App'x 21, 24 (2d Cir. 2013) (summary order) (citation omitted); *see also Komatsu v. NTT Data, Inc.*, No. 15-cv-7007 (LGS), 2016 WL 2889064, at *5 (S.D.N.Y. May 17, 2016), *aff'd*, 730 F. App'x 98 (2d Cir. 2018) (sua sponte dismissing certain of pro se plaintiff's claims).  A Magistrate Judge's Report and Recommendation recommending that a claim be dismissed constitutes the requisite notice and opportunity to be heard to allow a district court to dismiss a claim *sua sponte*. *See E.A. Sween Co., Inc. v. A & M Deli Express Inc.*, 787 F. App'x 780, 782 (2d Cir. 2019) (summary order).

### 3.  **Federal Rule of Civil Procedure 12(c)**

Rule 12(c) provides that a party may move for judgment on the pleadings.  The standard for a Rule 12(c) motion is "identical" to the standard governing a Rule 12(b)(6) motion to dismiss. *Rusis v. Int'l Bus. Machs. Corp.*, 529 F. Supp. 3d 178, 190 (S.D.N.Y. 2021) (citation omitted).  On Rule 12(c) motions, courts may consider "'the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case.'" *Id.* at 191 (quoting *L-7 Designs, Inc. v. Old Navy LLC*, 647 F.3d 419, 422 (2d Cir. 2011)).

Despite the fact that Rule 12(c) motions are governed by the same standard governing Rule 12(b)(6) motions, strictly speaking, "basic principles of civil procedure counsel that a Rule

12(b)(6) and a Rule 12(c) motion are not alternatives." *Vann v. Persico*, No. 20-cv-628 (KMK),

2022 WL 4368110, at *6 (S.D.N.Y. Sept. 20, 2022).  This principle emerges for the simple reason

that Rule 12(b)(6) motion must be filed before a responsive pleading; a Rule 12(c) motion must

be made after the pleadings are closed. *Id.* (citing Fed. R. Civ. P. 12(b)(6); 12(c)).

### 4. Federal Rules of Civil Procedure 12(f)

Under Rule 12(f) of the Federal Rules of Civil Procedure, "[t]he court may strike from a

pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous

matter," either *sua sponte* or on motion.

### DISCUSSION

In this case, six sets of Defendants move to dismiss the Complaint as asserted against

them.  There are three types of motions filed.  First, Citibank filed a motion to strike the

purported "Third-Party Complaint," or in the alternative, to dismiss it.  Second, Citibank and

TWU file motions for judgment on the pleadings under Rule 12(c).  Third, JPMC, PNC Bank, the

Federal Defendants, and BOA file motions to dismiss under Rule 12(b)(6).

The Court first assesses Citibank's motion to strike/dismiss the Third-Party Complaint

only insofar as it deals with moving to strike.  Then, the Court assesses all motions to dismiss—

including that branch of Citibank's motion to dismiss the Third-Party Complaint in the

alternative—together.  Finally, the Court assesses the motions for judgment on the pleadings.

### 1. Citibank's Motion to Strike the Purported Third-Party Complaint

Citibank says the purported Third-Party Complaint at ECF No. 65 should be struck from

the docket under Rule 12(f) as it is improper because Citibank is a party and thus not subject to

a "Third-Party Complaint" filed under Rule 14.  It is true that Citibank is not a third party;

however, the Court affords special solicitude to Plaintiff and recommends construing the document filed as a "Third-Party Complaint" as an intended amendment to the Complaint, that asserts additional causes of action against Citibank.

Under Rule 15(a), "a party may amend its pleading once as a matter of course within . . . 21 days after serving it, or . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1).  Here, Solomon filed the state court Petition on July 7, 2025, which was removed on August 3, 2025, and Citibank Answered the Complaint on August 11, 2025. (ECF Nos. 1, 1-1, 29.)  Citibank filed an Amended Answer with a Third-Party Complaint asserted against Truway and a Counterclaim asserted against Solomon on August 26, 2025. (ECF No. 61.)  The purported "Third-Party Complaint" was filed on August 27, 2025. (ECF No. 65.)  Thus, the amendment (insofar as the Court construes it as such) was timely.  The Court therefore deems the "Third-Party Complaint" to be a part of a constructively Amended Complaint alleging both the initial claims against all defendants (of which this court recommends dismissal for the reasons given below) and the claims alleged specifically against Citibank in the "Third-Party Complaint."[2]

Accordingly, to the extent that Citibank moves to strike the purported Third-Party Complaint, I recommend **denying** that aspect of the motion.

---

[2] To be clear, nothing suggests Solomon intended to allege the claims in the "Third-Party Complaint" against any Defendant in this action other than Citibank.

2. **The Motions to Dismiss**

The Court next addresses the motions to dismiss insofar as they deal with (a) the claims in Solomon's initial pleading, and (b) the claims in Solomon's purported Third-Party Complaint (as construed by this Report and Recommendation).

*(a) Solomon's Initial Pleading*

While the parties raise a multitude of arguments and theories, this case can be dismissed on relatively simple grounds which most of the parties raise.  Simply, "[a] corporation cannot appear pro se and 'may appear in the federal courts only through licensed counsel.'" *Secs. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC*, 657 B.R. 382, 392 (Bankr. S.D.N.Y. 2024) (quoting *Grace v. Bank Leumi Tr. Co.*, 443 F.3d 180, 192 (2d Cir. 2006)).  This is true even where a derivative action is brought. *LaMothe ex rel. Life Partners Holdings, Inc. v. Moran*, No. 20-cv-1028 (CSH), 2021 WL 3795324, at *2-3 (D. Conn. Aug. 26, 2021) (citing *Phillips v. Tobin*, 548 F.2d 408, 411 (2d Cir. 1976) ("Since a corporation may not appear except through an attorney, likewise the representative shareholder cannot appear without an attorney.")); *see also Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) ("[I]t is well established that a lay person may not represent a corporation."); *Buhannic v. American Arbitration Assoc.*, No. 18-cv-2430 (ER), 2019 WL 4735005, at *3-4 (S.D.N.Y. Sept. 27, 2019) (noting a *pro se* plaintiff "lack[ed] standing to bring a derivative claim").

The Complaint/Petition filed by Plaintiff clearly pleads that the basis of this litigation is that "Petitioner, *via his companies*, shipped over $3 million worth of medical equipment to institutions including respondents." (ECF No. 1-1 (emphasis added).)  All the alleged harms flow from these corporate contracts and activities. (*Id.*)  Accordingly, there is absolutely no way to

9

construe Solomon's Complaint as anything other than asserting claims on behalf of his companies.  While Solomon can under certain circumstances bring a derivative action on behalf of entities in which he is a shareholder, styling the matter this way still would not allow him to proceed *pro se* because, as noted above, a derivative plaintiff also must have counsel.  Thus, even construing Plaintiff's complaint in the light most favorable to him—as a derivative action asserted on behalf of the entities he controls—he cannot proceed *pro se*.  These grounds warrant dismissal of the case in its entirety, including *sua sponte* dismissals as to the Defendants who did not raise this argument.

No further analysis of Solomon's Complaint is required.  Solomon has not opposed the motion; in fact, Solomon has failed to make a filing in this action since August 30, 2025, in which he purported to oppose the Court's order at ECF No. 68. (ECF No. 70.)  The fact that this action is brought on behalf of his entities is obvious from the face of the initial pleading.  And he has failed to retain counsel.  Thus, I respectfully recommend the original pleading at ECF No. 1-1 be dismissed without prejudice to refiling "a new, counseled action." *Truway Health, Inc.*, No. 24-cv-8218 (PAE), Dkt. 30.

However, I note that the claims also are so threadbare that they fail to satisfy Rule 8 – it is impossible to understand what each Defendant is actually alleged to have done.  Indeed, all of the allegations are vague and conclusory.  This is an alternative reason to dismiss the case.

### (b)  Solomon's "Third-Party Complaint"

While Citibank raises the same argument regarding the claims in the "Third-Party Complaint," these claims do not suffer from the same fatal defect as his initial pleading.  He does not allege that his businesses maintained accounts at Citibank; rather, he alleges *he*

"maintained accounts, banking relationships, and contractual dealings with Citibank, which were critical to Plaintiff's commercial reputation and operational liquidity." (ECF No. 65 ¶ 2.) Similarly, he alleges "Citibank published or circulated statements to third parties that falsely characterized *Plaintiff* as financially unsound, dishonest, or otherwise disreputable, constituting defamation per se under New York law." (ECF No. 65 ¶ 5 (emphasis added).)  This language, construed in the light most favorable to Plaintiff and affording him special solicitude, is sufficient (though perhaps just barely so) to evade a standing objection on the basis that he is attempting to file a derivative action *pro se*.

The Court therefore evaluates whether the claims in the purported "Third-Party Complaint," as incorporated into the constructive Amended Complaint by Recommendation of this order, can survive a motion to dismiss under Rule 8 and Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In my view, they cannot.  As Citibank argues, the claims asserted separately against Citibank fail under Rule 8(a)(2) and Rule 12(b)(6) as they are merely conclusory and fail to plead any facts plainly.  For example, the Complaint fails to specify what the accounts were, what Citibank did to "fail[] to honor its obligations, wrongfully restrain[] funds, obstruct[] transactions, and otherwise default[] on" its duties under the Uniform Commercial Code. (*See* ECF No. 65 ¶ 3.)  Further, he cites no statements of Citibank that he alleges are defamatory, and the defamation claim thus cannot be evaluated.  With no information about what Citibank allegedly did in fact, the claims asserted separately against Citibank should be dismissed without prejudice for failure to state a claim and failure to comply with Rule 8(a)(2).

Given all of the foregoing, all claims against Citibank and TWU also should be dismissed *sua sponte* because Plaintiff's allegations fail to provide any facts to give proper notice under Rule 8 as to what these Defendants did, and he cannot proceed pro se on behalf of his entities.

### 3. Citibank's and TWU's Motions for Judgment on the Pleadings

For completeness, the Court evaluates the Motions for Judgment on the Pleadings. At least one court in this district has concluded that on a Rule 12(c) motion the Court need only consider whether "the *pertinent* pleadings" are closed. *Gilman v. Spitzer*, 902 F. Supp. 2d 389, 394 n.3 (S.D.N.Y. 2012). Here, multiple defendants have not yet answered Solomon's claims, leaving room for potential crossclaims to the extent the claims might have otherwise survived. For this reason, a Rule 12(c) motion was premature. Accordingly, I recommend **denying without prejudice** the motions for judgment on the pleadings.

Nonetheless, the issue of whether the case should be dismissed under Rule 12(c) is academic because the claims against all the Defendants, including Citibank and TWU, should be dismissed under Rule 12(b)(6) and/or Rule 8 for the reasons stated above.

The Court has not considered the other arguments raised by the parties as they are not required to dispose of the various motions and dismiss all claims in this action.

### CONCLUSION

For the reasons discussed above, I respectfully recommend that the motions to dismiss be **GRANTED**, such that Solomon's initial pleading (ECF No. 1-1) and his purported "Third-Party Complaint" (ECF No. 65) should be dismissed in their entirety without prejudice. Citibank's and TWU's motions for judgment on the pleadings should be **denied without prejudice**, but Solomon's claims pleaded in his initial petition filed at ECF No. 1-1, as against TWU and

12

Citibank, should nevertheless be dismissed against those defendants *sua sponte* given he cannot proceed *pro se* and because the claims fail to satisfy Rule 8.  To the extent that Citibank moved to strike the purported Third-Party Complaint, that request should be **denied** given the other recommendations made herein.  These recommendations, if adopted, would result in dismissal of all the claims asserted by Solomon in this action and would resolve the motions at ECF Nos. 100, 102, 106, 108, 110, 112, 114, and 116.

<u>**The Clerk of the Court is respectfully directed to mail a copy of this Report and Recommendation to Plaintiff.**</u>

The Court notes that insofar as Citibank has counterclaims and third-party claims against Solomon and Truway, respectively, this action could not be closed upon adoption of this Report and Recommendation alone.  Accordingly, within **seven (7) days** of the District Court's ruling on this Report and Recommendation, Citibank shall file a letter indicating the status of its counterclaims and third-party claims.

Dated: April 9, 2026                              Respectfully submitted,
      New York, NY

_____
Katharine H. Parker
United States Magistrate Judge

<u>**NOTICE**</u>

**Plaintiff shall have seventeen days and Defendants shall have fourteen days from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.** *See also* **Fed. R. Civ. P. 6(a), (d) (adding three additional days only when service is made under Fed. R. Civ. P. 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to by the parties)).**

**Plaintiff shall have seventeen days to serve and file any response. Defendants shall have fourteen days to serve and file any response. Objections and responses to objections shall be**

filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable John P. Cronan at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b).  Any requests for an extension of time for filing objections must be addressed to Judge Broderick. The failure to file timely objections will result in a waiver of those objections for purposes of appeal.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn*, 474 U.S. 140 (1985).