UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
GAVIN SOLOMON,                                                      :
                                                                   :
                              Plaintiff,                           :
                                                                   :
              -v-                                                  :        25 Civ. 6374 (JPC) (KHP)
                                                                   :
TEXAS WOMAN'S UNIVERSITY, *et al.*,                                :        OPINION AND ORDER
                                                                   :        ADOPTING REPORT AND
                              Defendants.                          :        RECOMMENDATION
                                                                   :
-------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On July 7, 2025, *pro se* Plaintiff Gavin Solomon commenced this action against Bank of America, N.A. ("BOA"), PNC Bank, N.A. ("PNC"), Citibank, N.A. ("Citibank"), JPMorgan Chase Bank, N.A. ("JPMC"), the United States Department of the Treasury (the "Treasury"), Novitas Solutions ("Novitas"), and Texas Woman's University ("TWU") (collectively, "Defendants"). The gravamen of Solomon's Complaint is that Defendants failed to reimburse his company for "over $3 million worth of medical equipment to institutions." Dkt. 1-1 ("Compl.") at 2. On August 27, 2025, Solomon filed a "Third-Party Complaint"[1] against Citibank, further alleging that he "maintained accounts, banking relationships, and contractual dealings with Citibank," which "failed to honor its obligations, wrongfully restrained funds, obstructed transactions, and otherwise defaulted on duties of care, loyalty, and good faith" and also "published or circulated statements to third parties that falsely characterized [Solomon] as financially

---

[1] Citibank was named as a Defendant in Solomon's Complaint, so the Court construes Solomon's Third-Party Complaint as an amended complaint asserting additional claims against Citibank. Nonetheless, for the sake of convenience and clarity, the Court herein refers to that filing as the Third-Party Complaint.

unsound, dishonest, or otherwise disreputable, constituting defamation per se under New York law." Dkt. 65 ("TPC") at 2.

Between December 30, 2025, and January 30, 2026, Defendants filed various motions to dismiss Solomon's claims, including: (1) Citibank's motion to strike and/or dismiss the Third-Party Complaint, Dkt. 100; (2) Citibank's motion for judgment on the pleadings, Dkt. 106; (3) JPMC's amended motion to dismiss the Complaint, Dkt. 108; (4) PNC's motion to dismiss the Complaint, Dkt. 110; (5) Novitas's and the Treasury's motion to dismiss the Complaint, Dkt. 112; (6) TWU's motion for judgment on the pleadings, Dkt. 114; and (7) BOA's motion to dismiss, Dkt. 116. Solomon did not submit an opposition to any of Defendants' motions.

On April 9, 2026, the Honorable Katharine H. Parker, to whom this case has been referred for general supervision of pretrial proceedings and to issue recommendations on any dispositive motions, issued a Report and Recommendation, recommending, *inter alia*, that the undersigned dismiss without prejudice the Complaint and the Third-Party Complaint. Dkt. 134 ("R&R"). For reasons that follow, the Court adopts Judge Parker's recommendation.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a report and recommendation. 28 U.S.C. § 636(b)(1)(C). If a party submits a timely objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section. Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). If no timely objections are made, a district court reviews a report and recommendation for clear error. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Judge Parker advised that from service of the Report and Recommendation, Solomon had seventeen days and Defendants had fourteen days to file any objections. R&R at 13. Judge Parker

further warned that failure to timely file such objections would result in waiver of objections for purposes of appeal. *Id.* The Report and Recommendation was electronically filed on April 9, 2026, Dkt. 134, and was mailed to Solomon on April 13, 2026, *see* Docket Entry, Apr. 13, 2026. It is now May 19, 2026, and no objections have been filed by any party. The parties therefore have waived the right to object to the Report and Recommendation. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992).

Notwithstanding that waiver, the Court has conducted a *de novo* review of the Report and Recommendation, and finds its conclusions well-founded. In the Complaint, Solomon asserts claims on behalf his company, but a "corporation cannot appear pro se and may appear in the federal courts only through licensed counsel." R&R at 9 (quoting *Secs. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC*, 657 B.R. 382, 392 (Bankr. S.D.N.Y. 2024)); *see, e.g.*, Compl. at 2 ("Petitioner, *via his companies*, shipped over $3 million worth of medical equipment to institutions including Respondents." (emphasis added)); *id.* (asserting causes of action arising from the alleged failure to reimburse for those shipments and the resulting financial harm).[2] Additionally, although the new claims asserted against Citibank in the Third-Party Complaint are alleged on behalf of Solomon himself, the Third-Party Complaint does not specify what Citibank did to "fail[] to honor its obligations, wrongfully restrain[] funds, obstruct[] transactions, and otherwise default[] on" its duties, and the pleading does not describe which statements of Citibank were purportedly

_____

[2] Not all Defendants have raised this ground for dismissal, *see* R&R at 10, but district courts have inherent authority to dismiss claims *sua sponte* when it is "unmistakably clear" that such claims lack merit, *Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999). In addition, "a Magistrate Judge's Report and Recommendation recommending that a claim be dismissed constitutes the requisite notice and opportunity to be heard to allow a district court to dismiss a claim *sua sponte*." *Bocci v. Nationstar Mortg. LLC*, No. 23 Civ. 1780 (JPC) (KHP), 2025 WL 2754479, at *5 (S.D.N.Y. Sept. 29, 2025) (citation modified), *adopting in relevant part*, 2025 WL 2467024 (S.D.N.Y. Aug. 8, 2025); *accord E.A. Sween Co. v. A&M Deli Express, Inc.*, 787 F. App'x 780, 782 (2d Cir. 2019) (summary order).

defamatory.  TPC at 2.  As Judge Parker explained, such conclusory allegations fail to give Citibank proper notice and thus do not satisfy Federal Rule of Civil Procedure 8(a)(2).  R&R at 11-12; *see* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]").

The Court therefore adopts Judge Parker's Report and Recommendation in its entirety and dismisses without prejudice the Complaint and the Third-Party Complaint.[3]  The claims brought on behalf of Solomon's company against BOA, PNC, Citibank, JPMC, the Treasury, Novitas, and TWU—*i.e.*, the claims in the Complaint—may be re-filed in a counseled action.  The Court *sua sponte* grants Solomon leave to amend his claims against Citibank raised in the Third-Party Complaint, but he should do so only if he has a good-faith basis to remedy the pleading deficiencies identified in this Opinion and Order.  Solomon must file an Amended Complaint against Citibank within fourteen days of this Opinion and Order.  If Solomon fails to file an Amended Complaint against Citibank by that deadline, or fails to obtain an extension of his time to do so, the Court will dismiss the claims in the Third-Party Complaint with prejudice.

The Clerk of Court is respectfully directed to terminate Docket Numbers 100, 102, 106, 108, 110, 112, 114, and 116.  The Clerk of Court is further directed to terminate BOA, PNC, JPMC, the Treasury, Novitas, and TWU as Defendants.

SO ORDERED.

Dated: May 19, 2026
       New York, New York

_____
JOHN P. CRONAN
United States District Judge

---

[3] The Court also adopts Judge Parker's recommendations to deny without prejudice Citibank's and TWU's motions for judgment on the pleadings, R&R at 12, and to deny Citibank's motion to strike the Third-Party Complaint, to the extent such a motion was made, *id.* at 7-8.  No objection has been filed as to either of these recommendations.